UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IRA HALL, on behalf of himself and
those similarly situated,

    Plaintiff,

vs().  CASE NO.: 6:14-cv-637-ORL-28-KRS

SOUTHEAST SUPREME CLEANING SERVICES, INC., a Florida For Profit Corporation, and DAVID E. STAMM, individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL
(Collective Action Complaint)

Plaintiff, IRA HALL, on behalf of himself and those similarly situated ("Plaintiff"), was an employee of Defendants, SOUTHEAST SUPREME CLEANING SERVICES, INC., a Florida for profit corporation, and DAVID E. STAMM, individually (hereinafter "Defendants"), and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

    I.    **NATURE OF SUIT**

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and

general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every detailer who worked for the Defendants <u>statewide</u> at any time within the past three (3) years.

II. **PARTIES**

3. Plaintiff, on behalf of himself and those similarly situated, was a detailer and performed related activities for Defendants in Seminole County, Florida, among others.

4. Defendant, SOUTHEAST SUPREME CLEANING SERVICES, INC., has is located in Hinds County, Florida, therefore venue is proper in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

5. Defendant, DAVID E. STAMM, is the officer, President, Registered Agent, and acting Manager of Corporate Defendant SOUTHEAST SUPREME CLEANING SERVICES, INC.

6. Defendant, DAVID E. STAMM, is a manager who acted with direct control over the work, pay, and job duties of Plaintiff.

7. Defendant, DAVID E. STAMM: (1) had the power to hire and fire Plaintiff, (2) supervised and controlled Plaintiff's work schedule or conditions of employment, (3) determined Plaintiff's rate and method of payment, and (4) maintained employment records.

8. As such, Defendant, DAVID E. STAMM, is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

III. JURISDICTION

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

10. The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

IV. COVERAGE

11. At all material times during the last three years (2011-2014), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

12. At all material times during the last three years (2011-2014), Defendants were an employer as defined by 29 U.S.C. § 203(d).

13. At all material times relevant to this action (2011-2014), Defendants' annual gross volume of sales made or business done is not less than five hundred thousand and 0/100 dollars ($500,000.00).

14. At all material times relevant to this action (2011-2014), Defendants have had two or more employees handling, selling or otherwise working on goods or materials that have been moved or produced for such commerce. (i.e. auto cleaning supplies, vacuums, power washing equipment, etc.).

15. Additionally, Plaintiff was engaged in interstate commerce during his employment with Defendants by accepting payments from customers based on credit cards issued by out of state banks.

16. At all material times relevant to this action (2011-2014), Defendants failed to comply with 29 U.S.C. §§201-209 because Plaintiff, on behalf of himself and those similarly situated, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, or other similarly situated employees, for those hours in excess of forty (40) within a work week.

V.   FACTUAL ALLEGATIONS

17. Defendants provide car detailing services to approximately fifteen (15) car dealer locations in Central Florida.

18. Plaintiff worked as a detailer for Defendants.

19. Plaintiff's duties mainly included cleaning and detailing vehicles.

20. Plaintiff worked in this capacity from approximately September 4, 2012 through January 17, 2013.

21. Plaintiff was paid by the job (commonly referred to as "piece rate" compensation).

22. Specifically, Plaintiff's wages were based on the job performed (amount of cars detailed), not the amount of hours worked.

23. Plaintiff and those similarly situated to him routinely worked in excess of forty (40) hours per week as part of their regular job duties.

24. Despite working more than forty (40) hours per week, Defendants failed to pay Plaintiff and those similarly situated to him overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

25. Defendants have employed and is employing other individuals as cable technicians who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

VI.  **COLLECTIVE ACTION ALLEGATIONS**

27. Plaintiff and the class members performed the same or similar job duties as one another in that they provided car detailing services for Defendants.

28. All of Defendants' detailers are/were paid by the job.

29.  Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid by the job and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek.

30. Defendants' failure to compensate employees for hours worked in excess of 40 hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that detailers are paid for overtime hours worked.

31. This policy or practice was applicable to Plaintiff and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> All detailers who worked at any of Defendants' facilities statewide within the last three years who were not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek

32.  Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

33.  Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

34.  During the relevant period, Defendants violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of 40 hours in a work week.

35. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANTS

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 35 above.

37. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

38. During his/their employment with Defendants, Plaintiff, and those similarly situated to him, regularly worked overtime hours but was/were not paid time and one half compensation for same.

39. Specifically, Plaintiff and those similarly situated to him were paid a "piece rate" method of payment without any additional premium payment of time and one half their regular rate of pay for hours they worked in excess of forty (40) within a workweek.

40. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff and other similarly situated employees.

41. Also, Defendants failed to post required FLSA informational listings as required by the FLSA for Plaintiff and other similarly situated employees.

42. As a result of Defendants' willful violation of the FLSA, Plaintiff, and those similarly situated to him, is/are entitled to liquidated damages.

43. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to him, has/have suffered damages plus incurring reasonable attorneys' fees and costs.

44. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate. If liquidated damages are not awarded then prejudgment interest.

## COUNT II – DECLARATORY RELIEF AGAINST DEFENDANTS

45. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 - 35 above.

46. Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

47. The Court, also, has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

48. Plaintiff may obtain declaratory relief.

49. Defendants employed Plaintiff.

50. Defendants are an enterprise.

51. Plaintiff was individually covered by the FLSA.

52. Defendants failed to pay Plaintiff for all hours worked.

53. Plaintiff is entitled to overtime pursuant to 29 U.S.C. § 207(a)(1).

54. Plaintiff is entitled to the payment of all regular hours worked at no less than the statutory minimum wage;

55. Defendants did not keep accurate time records pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

56. Defendants did not rely upon a good faith defense.

57. Plaintiff is entitled to an equal amount of liquidated damages.

58. It is in the public interest to have these declarations of rights recorded.

59. Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations in issue.

60. The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

61. Plaintiff demands trial by jury.

Wherefore, Plaintiff demands a declaration of rights finding that an employer-employee relationship existed, Plaintiff worked hours over forty in a workweek without receiving correct overtime pursuant to the FLSA, Defendants failed to keep accurate time records, Defendant had a legal duty to pay Plaintiff overtime and minimum wages pursuant to the FLSA, Defendant failed to prove a good faith defense, Plaintiff is entitled to overtime, liquidated damages and reasonable attorneys' fees pursuant to the FLSA.

## DEMAND FOR JURY TRIAL AGAINST DEFENDANTS

62. Plaintiff demands a jury trial on all issues so triable against Defendants.

Dated this 23 day of April, 2014.

Respectfully submitted.

_____
Carlos V. Leach, Esq.
FLBN: 0540021
MORGAN & MORGAN, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: cleach@forthepeople.com
Attorneys for Plaintiff(s)