# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**IRA HALL,**

        **Plaintiff,**

**v.**                                       **Case No: 6:14-cv-637-Orl-41KRS**

**SOUTHEAST SUPREME CLEANING SERVICES, INC. and DAVID E. STAMM,**

        **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 17)
>
> **FILED:** August 15, 2014

## I. PROCEDURAL HISTORY.

On April 24, 2014, Plaintiff, Ira Hall, filed a complaint against Defendants, Southeast Supreme Cleaning Services, Inc. ("Southeast") and David E. Stamm. Doc. No. 1. Hall alleges that Defendants failed to pay him overtime compensation due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* (Count I). He also seeks liquidated damages, attorney's fees and costs. In a separate count, Hall also requests declaratory relief (Count II).[1] *Id.* Although

---

[1] In his motion for default final judgment, Hall does not address his request for declaratory relief in Count II and does not seek any relief beyond that afforded by the FLSA. *See* Doc. No. 17. Accordingly, Hall has abandoned his claim for declaratory relief in Count II. *See Taylor v. Premier Debt Solutions, LLC*, No. 6:12-cv-519-Orl-22KRS, 2012 WL 4792641, at *1 n.1 (M.D. Fla. Sept. 20, 2012), *adopted* 2012

styled as a collective action, Hall was the only person to opt-in to the case as a plaintiff.  *See* Doc. Nos. 1, 4.

The service of the summons and complaint was properly effectuated against each of the Defendants on April 28, 2014.  *See* Doc. Nos. 11, 12; *see also* Doc. No. 14.  The Defendants failed to respond to the complaint, and the Clerk of Court entered defaults against them on August 11, 2014.  Doc. Nos. 15, 16.

On August 15, 2014, Hall filed the instant Motion for Entry of Default Final Judgment. Doc. No. 17.  Hall seeks judgment against the Defendants in the total amount of $9,100.76, which represents $4,315.38 in unpaid overtime wages, an equal amount in liquidated damages, and $470.00 in costs for the filing fee and service of process.[2]  *Id.* at 8-9.  In support of his motion, Hall submitted his own affidavit, the affidavit of his attorney, and copies of invoices and checks relating to payment of the filing fee and service of process costs.  Doc. Nos. 17-1, 17-2, 17-3. Hall served the motion on Defendants via U.S. Mail, but Defendants have failed to respond in opposition and the time for doing so has passed.

The motion was referred to the undersigned for the issuance of a Report and Recommendation.  Accordingly, Hall's motion is now ripe for resolution.

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").  Therefore, in considering

---

WL 4792881 (M.D. Fla. Oct. 9, 2012).

[2] Hall does not seek an award of attorney's fees in the motion.

a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether the plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  This analysis applies equally to motions for default judgment.  *See De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default.  Rather, the Court determines the amount and character of damages to be awarded."  *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999).  If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages.  Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages.  *Smyth*, 420 F.3d at 1232 n.13.

### III.   RELEVANT ALLEGATIONS OF THE COMPLAINT.

In his complaint, Hall alleges that Defendant Southeast is a Florida corporation that provides car detailing services to approximately fifteen car dealer locations in Central Florida. Doc. No. 1 at 1 and ¶ 17.  Defendant Stamm is the president, registered agent, and acting manager of Defendant Southeast.  *Id.* ¶ 5.

Hall worked as a detailer for Defendants in Seminole County, Florida, and his duties mainly included cleaning and detailing vehicles. *Id.* ¶¶ 3, 18-19. Plaintiff also accepted payments from customers based on credit cards issued by out-of-state banks. *Id.* ¶ 15. He worked as a detailer from approximately September 4, 2012, through January 17, 2013. *Id.* ¶ 20. While Hall worked as a detailer, Defendant Stamm acted with direct control over Hall's work, pay and job duties. *Id.* ¶ 6. Defendant Stamm also had the power to hire and fire Hall, supervised and controlled his work schedule and conditions of employment, determined his rate and method of payment, and maintained employment records. *Id.* ¶ 7.

Hall also alleges that, during the last three years (2011-2014), Defendants have been an enterprise covered by the FLSA, as defined by 29 U.S.C. §§ 203(r), (s), and an employer, as defined by § 203(d). *Id.* ¶¶ 11-12. During this three-year period, Defendants' annual gross volume of sales made or business done was not less than $500,000.00. *Id.* ¶ 13. Also during this three-year period, Defendants have had "two or more employees handling, selling, or otherwise working on goods or materials that have been moved or produced for such commerce[,] (i.e. auto cleaning supplies, vacuums, power washing equipment, etc.)." *Id.* ¶ 14.

While Hall worked for Defendants, he was compensated on a piece-work basis, meaning his wages were based on the number of jobs performed (cars detailed) and not on the amount of hours that he worked. *Id.* ¶¶ 21-22. Despite routinely working more than forty hours per week as part of his regular job duties, Defendants did not pay Hall overtime wages of one and one-half times his regular hourly rate for those hours worked over forty in a workweek. *Id.* ¶¶ 23-24, 38-39. Defendants did not maintain and keep accurate time records, *id.* ¶ 40, and they acted willfully and intentionally in failing to pay Hall in accordance with the FLSA, *id.* ¶ 43.

**IV. ANALYSIS.**

   *A.   FLSA Liability (Count I).*

To establish a claim for the failure to pay overtime compensation under the FLSA, Hall must show that: (1) he was employed by the Defendants during the time period involved; (2) he was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and (3) Defendants failed to pay the overtime compensation required by law. 29 U.S.C. § 207(a)(1); *see also* Eleventh Circuit Civil Pattern Jury Instructions 4.14 (2013).

   1.   Defendant Southeast.

As to the first element, the FLSA defines the term "employer" to include "any [corporation] acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(a), (d). Hall alleges in the complaint that he was employed as a car detailer by Southeast from approximately September 4, 2012, to January 17, 2013. *See* Doc. No. 1 ¶¶ 17-20. These allegations establish that Southeast was Hall's employer during that time period.

As to the second element, Hall alleges employer liability based on enterprise coverage. *See* Doc. No. 17 at 6-7.[3] In order to establish enterprise coverage, Hall must show that Southeast (1) "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and (2) "is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 . . . ." 29 U.S.C. § 203(s)(1)(A).

---

[3] Insofar as Hall relies on his affidavit attached to his Motion for Entry of Default Final Judgment (Doc. No. 17-1) to establish enterprise coverage, his reliance is inappropriate because liability may be found only on those well-pleaded factual allegations in the complaint. *See Miller*, 75 F. Supp. 2d at 1346.

In his complaint, Hall alleges that Southeast provided car detailing services to approximately fifteen car dealer locations in Central Florida. Doc. No. 1 ¶ 17. It had two or more employees handling, selling or otherwise working on goods or materials that had been moved or produced in interstate commerce, including auto cleaning supplies, vacuums and power washing equipment. *Id.* ¶ 14. Also, during the course of his employment Hall accepted payments from customers on credit cards issued by out-of-state banks. *Id.* ¶ 15. Hall further alleges that at all material times Southeast's annual gross volume of sales made or business done was not less than $500,000.00. *Id.* ¶ 13. These allegations establish that Southeast was a covered enterprise under the FLSA. *See Donald v. Park & Fly, LLC*, No. 3:10-cv-41-J-34MCR, 2011 WL 6027014, at *2 (M.D. Fla. Nov. 7, 2011), *adopted* 2011 WL 6027821 (M.D. Fla. Dec. 5, 2011) (employer was a covered enterprise because, among other things, its employees handled or otherwise worked on goods that had been moved in or produced for interstate commerce, used supplies that had previously moved in commerce and accepted payment from customers using credit cards issued by out-of-state banks).

As to the third element, Hall alleges in his complaint that he worked more than forty hours per week, but Southeast did not pay him at a rate of one and one-half his regular rate of pay for those hours worked in excess of forty in a workweek. Doc. No. 1 ¶¶ 24, 38-39. These allegations are sufficient to establish that Southeast did not pay Hall the overtime compensation required by the FLSA.

      2.     <u>Defendant Stamm</u>.

Hall alleges in his complaint that he was also employed by Stamm during the relevant time period. *See* Doc. No. 1 ¶¶ 17-20. In addition to the employer corporation, a corporate officer qualifies as an employer, and is jointly and severally liable for unpaid FLSA compensation, if he is involved in the day-to-day operation of the corporation or has some direct responsibility for the

supervision of the employee.  *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).  In determining whether a corporate officer is an "employer," courts consider "whether the officer was involved in the compensation of employees, the hiring or firing of employees, or other matters 'in relation to an employee.'"  *Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 845 (11th Cir. 2009) (per curiam) (unpublished decision cited as persuasive authority).

In his complaint, Hall alleged that Stamm is the president and acting manager of Southeast. Doc. No. 1 ¶ 5.  In his managerial role, Stamm acted with direct control over Hall's work, pay and job duties, including possessing the power to hire and fire him, supervising and controlling his work schedule or conditions of employment, determining his rate and method of pay, and maintaining employment records.  *Id.* ¶¶ 6-7.  These allegations are sufficient to establish that Stamm was also Hall's employer during the relevant time period, and jointly and severally liable for unpaid FLSA overtime compensation.

Accordingly, I recommend that the Court find that the well-pleaded allegations of the complaint, which Defendants Southeast and Stamm are deemed to have admitted pursuant to their defaults, are sufficient to establish that the Defendants are liable. jointly and severally, for violating the FLSA as alleged in Count I.

  *B.*  *Damages.*

    1.  <u>Overtime Compensation</u>.

An employer is liable for an FLSA violation to all affected employees in the amount of their unpaid overtime compensation.  29 U.S.C. § 216(b).  Under the FLSA, Hall was entitled to be compensated at one and one-half times his regular rate for all hours worked in excess of forty hours per workweek.  29 U.S.C. § 207(a)(1).  Hall bears the burden of proving that he performed

work for which he was not properly compensated. When, as here, the employer failed to keep time records, the plaintiff carries his burden by proving that he performed work for which he was improperly compensated and producing evidence to show the amount and extent of that work as a matter of just and reasonable inference. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1315 (11th Cir. 2013) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)); Doc. No. 1 ¶ 40. Such evidence may take the form of plaintiff's affidavit. *Swisher v. Finishing Line, Inc.*, No. 6:07-cv-1542-Orl-28GJK, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008) (citing Fed. R. Civ. P. 55(b)).

Here, Defendants admitted by their defaults that they employed Hall from September 4, 2012, to January 17, 2013. *See* Doc. No. 1 ¶ 20. However, in support of his damages request, Hall submitted an affidavit in which he avers that he worked as a detailer for Defendants from approximately January 3, 2013, through November 14, 2013. Doc. No. 17-1 ¶ 7. As such, there is a discrepancy between the dates of employment admitted by Defendants by their defaults and the dates during which Hall now avers that he was employed by Defendants but not paid overtime compensation.

When faced with a discrepancy between the allegations of the complaint and a plaintiff's affidavit in support of a claim for damages, courts have concluded that the plaintiff's affidavit controls for the purpose of calculating damages. For example, in *Hartsfield v. Express Shipping & Towing, Inc.*, No. 6:07-cv-540-Orl-31KRS, 2008 WL 508396 (M.D. Fla. Feb. 21, 2008), the defendant admitted by its default allegations of fact sufficient to establish that it was liable for failing to pay the plaintiff the minimum wage due. *Id.* at *3. However, the plaintiff failed to prove damages because he submitted an affidavit averring that the defendant had paid him the minimum wage due but had not paid him overtime compensation due. *Id.* at *3 & n.1. Because

the plaintiff admitted that he had been paid all the minimum wages due, the Court concluded that "Hartsfield's evidence [was], therefore, insufficient to support his claim of violation of the FLSA minimum wage provision."  *Id.* at *3.   The Court also found that the plaintiff could not collect unpaid overtime compensation from the defendant because he had not pleaded a violation of the overtime compensation provisions of the FLSA and, therefore, the defendant did not admit violations of overtime compensation provisions of the FLSA by virtue of its default.  *Id.* at *3 n.1.

Applying the principles of *Hartsfield* here, Defendants admitted only that they employed Hall from approximately September 4, 2012, through January 17, 2013.  The admitted dates of employment are the only period the Court can consider in determining the amount of overtime compensation due.

Hall avers that from the date he started employment, January 3, 2013, through the last date that Defendants admitted they employed him, January 17, 2013, he worked 25 hours of overtime per week, for which he was not paid one and one-half times his regular rate of pay.  Doc. No. 17-1 ¶ 9.  He avers that during his employment he was paid approximately $510.00 per week.  *Id.* ¶ 6.

To determine an employee's regular rate of pay when he is paid on a piece-work basis, the Court adds together the total earnings for the workweek from the piece rate and then divides that number by the number of hours worked in the week.  *Bautista Hernandez v. Tadala's Nursery, Inc.*, --- F. Supp. 2d ---, 2014 WL 3738634, at *8 (S.D. Fla. 2014) (quoting 29 C.F.R. § 778.111).  The overtime premium owed is one-half of this regular rate of pay.  *Id.* at *9.

Hall attests that he worked 25 hours of overtime per week—that is, 25 hours in excess of the regular 40 hours of work—which equates to 65 hours of work per workweek.  He was paid $510.00 per week.  Therefore, his regular rate of pay was approximately $7.85 per hour ($510.00

per week divided by 65 hours per week = $7.846 per week). One-half that amount, or $3.93, is the overtime premium due. The weekly overtime premium due is, therefore, $98.25.

Hall has established that during the period Defendants admit they employed him (September 4, 2012, through January 17, 2013), he worked only two weeks for which he was not paid the overtime premium (the week of January 3, 2013, and the week of January 10, 2013). Based on this evidence, Hall is owed the $98.25 overtime premium per week for a total of $196.50.

        2.        Liquidated Damages.

Under the FLSA, liquidated damages are mandatory absent a showing by the employer that it acted in good faith and that it had reasonable grounds to believe that its actions did not violate FLSA overtime provisions. *See, e.g.*, *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1573 (11th Cir. 1988). Hall alleges in his complaint that Defendants intentionally and willfully refused to pay him overtime compensation as required by the FLSA, which allegation Defendants admitted by their defaults. Doc. No. 1 ¶ 43. When, as here, a defendant does not present a defense that its failure to pay overtime compensation was in good faith, the Court must require the employer to pay liquidated damages in an additional amount equal to the amount of the employee's unpaid overtime compensation. 29 U.S.C. §§ 216(b), 260. Therefore, Defendants are liable to also pay Hall $196.50, the amount of unpaid overtime compensation owed to him, as liquidated damages.

Accordingly, I recommend that the Court find that Defendants are liable for $196.50 in unpaid overtime compensation and $196.50 in liquidated damages, for a total damages amount of $393.00.

*C.  Costs*.

Hall seeks to recover the $400.00 filing fee and $70.00 in service of process costs, for a total of $470.00 in costs.  Doc. No. 17 at 9.  The docket reflects that Hall paid a $400.00 filing fee.  In support of his Motion for Entry of Default Final Judgment, Hall attached two Invoices and checks that show two payments totaling $70.00 were made to "Attorneys Legal Services, Inc." for service of process.  *See* Doc. No. 17-3.  The record reflects that service of process was effected on both Defendants by Attorneys Legal Services, Inc.  *See* Doc. Nos. 11, 12.

Federal Rule of Civil Procedure 54 provides that "costs . . . should be allowed to the prevailing party" unless the court otherwise directs or there is a federal statute or federal rule to the contrary.  Fed. R. Civ. P. 54(d)(1).  Service of process costs, like the costs in this case, are taxable costs.  *See EEOC v. W&O Inc.*, 213 F.3d 600, 624 (11th Cir. 2000) ("[A] district court does not abuse its discretion in taxing private process server fees that do not exceed the statutory fees authorized in [28 U.S.C.] § 1921."); *see also* 28 U.S.C. § 1920(1); 28 U.S.C. § 1921; 28 C.F.R. § 0.114(a)(3) (The U.S. Marshals Service collects "[f]or process served or executed personally—$65 per hour (or portion thereof) for each item served . . . .").

Both the filing fee and the service of process costs are taxable costs.  *See* 28 U.S.C. § 1920; 29 U.S.C. § 216(b) (permitting plaintiff to recover "costs of the action").  Accordingly, I recommend that the Court find that Hall is entitled to a total of $470.00 in costs.

## V. RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT in part** Hall's Motion for Entry of Default Final Judgment (Doc. No. 17);

2. **FIND** that Southeast Supreme Cleaning Services, Inc. and David E. Stamm are liable for failing to pay Hall overtime compensation in violation of the FLSA (Count I);

3. **ASSESS** damages of $393.00 and costs of $470.00 against Southeast Supreme Cleaning Services, Inc. and David E. Stamm, jointly and severally;

4. **DISMISS** Count II and the collective action allegations; and,

5. **DIRECT** the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 22, 2014.

*Karla R. Spaulding*<br>
KARLA R. SPAULDING<br>
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy